# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| LEE PERKINS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | Civil Action No. |
| v. | ) | 08-40231-FDS |
| | ) | |
| GARY RODEN, | ) | |
| | ) | |
| Respondent. | ) | |

## AMENDED MEMORANDUM AND ORDER
## ON PETITIONER'S MOTION TO STAY

**SAYLOR, J.**

Petitioner Lee Perkins was convicted of first-degree murder and aggravated rape in Massachusetts Superior Court on January 20, 2000. After his conviction was affirmed by the Supreme Judicial Court, he filed a petition for habeas relief pursuant to 28 U.S.C. § 2254. On April 28, 2011, this Court issued an order holding that petitioner had not fully exhausted his claims in state court and dismissing the petition unless petitioner filed a request to dismiss the unexhausted claims in his petition and proceed on the merits of the exhausted claims. Petitioner has now filed a motion to stay and hold the case in abeyance while he exhausts his claims in state court.

For the reasons set forth below, the motion to stay will be DENIED and the petition for a writ of habeas corpus will be dismissed without prejudice unless, within 30 days of the date of this Order, petitioner files a request to dismiss the unexhausted claims in his petition and proceed on the merits of the exhausted claim.

I.   **Background**

The facts surrounding the crime that led to petitioner's conviction are extensively set out in the decision of the Supreme Judicial Court, and only the facts that are relevant to this opinion bear repetition.  *See Commonwealth v. Perkins*, 450 Mass. 834 (2008).

On March 25, 1990, a 19-year-old single mother was found dead in her Boston apartment, naked from the waist down and the handle of a steak knife protruding from her chest. The cause of death was determined to be stab wound to the chest, and sperm cells were detected in vaginal and rectal swabs taken from her body.  The police obtained a blood sample from the father of the victim's child and another male acquaintance, but DNA testing excluded both men. The police also tried to contact petitioner, who had met the victim the previous month and had visited her at her apartment, but they could not locate him and the case remained unsolved for several years.

Six years later, on May 31, 1996, two officers from the Boston police department's cold-case squad visited petitioner, who was incarcerated in the state prison in Concord at the time on another charge.  Petitioner was advised of his *Miranda* rights.  He was then shown photographs of the victim, her child, and her apartment.  After reviewing the photographs, petitioner denied knowing the victim or ever having been inside her apartment.  The officers asked petitioner if he would consent to give a blood sample; he declined.

During the interview, petitioner smoked two cigarettes and drank a can of soda that the police made available to him.  He left the cigarette butts and the empty soda can in the interview room when the interview was over.  After he left, the officers submitted the two cigarette butts and the empty soda can for DNA testing along with a blood sample and a vaginal swab taken

from the victim's body. The DNA testing revealed that the profile of the sperm in the vaginal swab matched the profile of the cells left on the cigarette butts smoked by petitioner. That evidence eventually led to a grand jury's request for a blood sample from petitioner, which was carried out by court order. Petitioner's blood sample was sent for DNA testing against a rectal swab taken from the victim's body, and the profile of the blood sample also matched the profile of the sperm in the rectal swab.

Petitioner was indicted by a Suffolk County grand jury on October 27, 1997, for first-degree murder and aggravated rape. He moved to suppress the discarded cigarette butts and the soda can, and any evidence derived from them, asserting that the evidence was obtained in violation of his rights under the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution and Articles 12 and 14 of the Massachusetts Declaration of Rights. After an evidentiary hearing, the trial court issued a written decision on January 20, 1999, denying the motion.

On January 20, 2000, petitioner was convicted after a jury trial of first-degree murder and aggravated rape. He was sentenced to life imprisonment for the murder charge and a prison term of thirty to forty years for the charge of aggravated rape. He appealed his conviction and the denial of two subsequent motions for new trial to the Supreme Judicial Court.[1] The appeal asserted seven claims. The first claim was that the motion to suppress the evidence derived from the cigarette butts and the soda can should have been granted because the police tricked him into smoking and discarding cigarettes from which enough DNA was extracted to support a court order for a blood sample. Petitioner argued that "the seizure of his DNA evidence from the

---

[1] Massachusetts Rule of Appellate Procedure 11 allows for the Supreme Judicial Court to take direct appeals in certain circumstances.

discarded material violated Article 14 of the Massachusetts Declaration of Rights and the Fourth Amendment to the United States Constitution." It did not mention the Fifth, Sixth, or Fourteenth Amendments to the U.S. Constitution, which had been raised in his motion to suppress. (Respondent's Supp. Answer, Ex. C at 24-27). On March 20, 2008, the SJC rejected all seven of his claims and affirmed his conviction and the orders denying his motions for new trial. *Commonwealth v. Perkins*, 450 Mass. 834 (2008).

On November 19, 2008, petitioner filed the present petition for writ of habeas corpus under 28 U.S.C. § 2254. He asserts seven claims for relief, which largely mirror the claims raised in his appeal to the Supreme Judicial Court.[2] As in his appeal to the SJC, the first of the seven claims is that the motion to suppress the DNA evidence derived from the discarded cigarette butts and soda can should have been granted. However, he also asserts violations of the

---

[2] The seven claims in petitioner's memorandum in support of his habeas petition are:

(1) the motion to suppress the DNA evidence derived from the discarded cigarette butts and the soda can should have been granted because the police tricked him into smoking and discarding cigarettes from which enough DNA was extracted to support a court order for a blood sample;

(2) it was error to bar him from examining witnesses about Sampson, a possible suspect;

(3) it was error to overrule his objection to certain testimony during the trial regarding the victim's voice;

(4) a new trial should be granted pursuant to Mass. Gen. Laws ch. 278, § 33E because of significant omissions in the police investigation;

(5) the evidence was insufficient to support a verdict of premeditated murder;

(6) the trial judge erred in denying his first motion for new trial because the prescription medication that he was taking during the trial made him unable to testify in his defense and his counsel was ineffective in not bringing this matter to the trial judge's attention; and

(7) his second motion for new trial should have been granted because defense counsel wore a wireless microphone during trial that transmitted attorney-client communications to third parties without his voluntary and knowing consent.

4

Fourth, Fifth, Sixth, and Fourteenth Amendments to the U.S. Constitution as to that claim—which he did not assert in his appeal to the SJC.

On April 28, 2011, this Court ruled that petitioner had not properly raised arguments concerning his motion to suppress under the Fifth, Sixth, and Fourteenth Amendments in his appeal to the Supreme Judicial Court, and his petition therefore contained claims that have not yet been fully exhausted. The Court ordered that the petition be dismissed within 30 days unless petitioner dismissed the unexhausted claims and chose to proceed on the exhausted claims alone.

On May 12, 2011, petitioner filed a motion to stay the proceedings and hold the case in abeyance while he exhausts his claims in state court. In his motion, petitioner notified the Court that he has already filed pleadings to address the unexhausted claims in state court. He also indicated that there may also be an unexhausted claim of ineffective assistance of counsel.

## II.     **Analysis**

A federal court may not consider a petition for a writ of habeas corpus filed by a person in state custody unless the petitioner has exhausted his state court remedies with respect to all claims raised in his application. *See* 28 U.S.C. § 2254(b)(1) ("An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that - (A) the applicant has exhausted the remedies available in the courts of the State."); *see also Rose v. Lundy*, 455 U.S. 509, 518 (1982). In limited circumstances, a district court may grant a habeas petitioner with unexhausted claims a stay and hold the petition in abeyance until the petitioner fully exhausts his claims in state court. *Rhines v. Weber*, 544 U.S. 269, 265-266 (2005). A district court should grant a stay if "the petitioner

had good cause for failure to exhaust, the unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory tactics." *Id.* at 278 (finding that failure to grant a stay in those circumstances would likely be "abuse of discretion" by the district court).

A petitioner's failure to exhaust claims due to a strategic decision in state court does not constitute good cause. *Clements v. Maloney*, 485 F.3d 158, 169-70 (1st Cir. 2007). Failure to exhaust claims because of ignorance of the law does not generally constitute good cause. *See Josselyn v. Dennehy*, 475 F.3d 1, 5 (1st Cir. 2007) (finding that a sincerely held belief by petitioner's counsel that he had properly exhausted his claims did not constitute good cause because such a belief was unreasonable in light of existing case law). The requirement to show good cause may be applied more loosely with *pro se* petitioners. *See id.* at 5 n.3 (noting that concerns about unwary *pro se* petitioners being trapped by the good cause requirement were not implicated, as petitioner was represented by counsel)(*citing Rhines*, 544 U.S. at 279 (Stevens, J. concurring)). Filings by *pro se* prisoners are liberally construed and are generally held to less stringent standards than formal pleadings by a lawyer. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Voravongsa v. Wall*, 349 F.3d 1, 8 (1st Cir. 2003).

Even reading petitioner's motion liberally due to his *pro se* status, he has not shown good cause why his motion to stay should be granted. Although he is proceeding *pro se* at this time, he was represented by counsel during his state court appeals. *See Biggs v. Dennehy*, 2006 WL 6499321 at *2 (D. Mass. March 6, 2006) (finding no showing of good cause where petitioner was represented by counsel at all stages of state court proceedings and had ample opportunity to bring unexhausted claims before state court); *see also Sullivan v. Saba*, 2012 WL 52440 at *7

6

(D. Mass. Jan. 5, 2012) (holding that *pro se* status does not constitute good cause). Although petitioner cites case law in which courts have suggested that a stay was an appropriate alternative to dismissal, those cases pre-date *Rhines* and its requirements, which are now controlling. He has not presented any arguments or justification for his failure to exhaust state court remedies and the record contains no evidence that would provide such an explanation.

Petitioner also seems to suggest that there is an additional ineffective assistance of counsel claim that has not yet been exhausted. He does not provide the factual basis for this claim or any explanation as to why this argument was not previously exhausted in state court. Accordingly, he has not shown good cause for his failure to exhaust his claims.

### III. Conclusion

For the foregoing reasons, petitioner's motion to stay will be DENIED. The petition for a writ of habeas corpus will be dismissed without prejudice unless, within 30 days of the date of this Order, petitioner files a request to dismiss the unexhausted claims in his petition and proceed on the merits of the exhausted claim.

**So Ordered.**

/s/ F. Dennis Saylor
F. Dennis Saylor IV
United States District Judge

Dated: January 24, 2011